IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**JERMAINE BROWNLEE**                                                                **PETITIONER**

vs.                                                           **CIVIL ACTION NO.: 2:12cv181-MPM-JMV**

**WARDEN OUTLAW, et al.**                                              **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the pro se petition of Jermaine Brownlee, Mississippi prisoner # 37031, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, and Petitioner has failed to respond to the motion. For the reasons set forth below, Respondents' motion is granted, and the instant petition will be dismissed with prejudice.

**Facts and Procedural History**

On January 26, 2009, Petitioner was convicted of one count of sale of a controlled substance, cocaine, and one count of a controlled substance, hydrocodone, in the Circuit Court of DeSoto County. He was sentenced as an habitual offender to serve a thirty year term of imprisonment for the cocaine conviction and a twenty year term for the hydrocodone conviction, with the sentences to run concurrently. (*See* Respt's Mot. to Dismiss, Ex. A). Petitioner appealed his convictions and sentences to the Mississippi Court of Appeals, which affirmed the trial court's judgment on October 26, 2010. *See Brownlee v. State*, 54 So.3d 874 (Miss.Ct.App. 2010) *reh'g denied*, March 1, 2011 (Case No. 2009-KA-03372-C0A) (s*ee also* Respt's Mot. to Dismiss, Ex. B). Petitioner did not file a petition for writ of certiorari to the Mississippi Supreme

Court.

Petitioner filed an "Application for Leave to File Petition for Post-Conviction Collateral Relief" in the Circuit Court of DeSoto County on November 1, 2011. (*See* Respt's Mot. to Dismiss, Ex. C). The motion was signed October 28, 2011. (*See id.*). On December 1, 2011, the Mississippi Supreme Court denied the petition. (*See id.*, Ex. D). Petitioner signed the instant petition on October 2, 2012, and it was stamped "filed" in this Court on October 9, 2012.

On December 10, 2012, Respondents filed a Motion to Dismiss the instant action, arguing that the petition is untimely under 28 U.S.C. § 2244(d). While Petitioner failed to respond to Respondents' motion to dismiss, he does maintain in his complaint that he is innocent of the crimes for which he was convicted. Additionally, while he does not expressly cite it as a reason to exempt the time bar, Petitioner also argues that he did not receive an order from his post-conviction proceeding until June, 2012, some six months after the decision was reached. (*See* ECF doc. 1, 6, 8, 9).

**Legal Standard**

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statue's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

**Analysis**

A state court judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the time" to seek it. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). When a petitioner fails to seek discretionary review in State court, however, he "stops the appeal process." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In such cases, the conviction becomes final when "the time for seeking [direct] review" in state court expires. *Id.*; *see also* 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner did not seek discretionary review by filing a petition for rehearing with the Mississippi Supreme Court. As such, his conviction became final when the time expired for him to seek such review, which was March 15, 2011, fourteen days after his convictions were affirmed (March 1, 2011, plus 14 days). *See* Miss. R. App. P. 40; *see*

*also Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'-when the time for pursuing direct review in this Court, or in state court, expires"). Therefore, absent statutory or equitable tolling, Petitioner's petition for federal habeas relief was due on or before March 15, 2012, to be deemed timely.

Petitioner filed for post-conviction relief on October 28, 2011 and was denied relief on December 1, 2011. The federal statute of limitations was tolled for the thirty-four days during which his post-conviction petition was pending. *See* 28 U.S.C. § 2244(d)(2) (tolling the federal statute of limitations while a "properly filed" application is pending). Therefore, Petitioner's federal habeas petition was due filed by April 18, 2012 (March 15, 2011 plus 34 days) to be deemed timely.

Petitioner's federal habeas petition was "filed" sometime between October 2, 2012 and October 9, 2012. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). As his federal habeas petition was filed well beyond the AEDPA deadline, federal habeas relief is available to him only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

While equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights," there is no reasonable basis in the record to conclude that either circumstance is

applicable to Petitioner's delay. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). Petitioner has maintained that he did not receive a copy of the order dismissing his post-conviction petition until June of 2012, arguably delaying a timely filing. However, the Court notes that the doctrine of equitable tolling is not applicable unless the prisoner has diligently pursued relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (citation omitted). Accepting as true Petitioner's claim that he did not receive a copy of the order dismissing his post-conviction action until June 2012, the Court nonetheless finds that he failed to respond with diligence, as he waited four months beyond that date to file his federal habeas petition. *See id.* (finding petitioner who waited four months after state court ruling to file federal habeas petition was not entitled to equitable tolling due to lack of diligence). He cites no reason for the delay.

Petitioner also asserts a conclusory claim that he is innocent of the crimes for which he is convicted. The Fifth Circuit has held that claims of actual innocence do not justify equitable tolling. *See Henderson v. Thaler*, 626 F.3d 773, 781 (5th Cir. 2010) (declining to create an "actual innocence" exception to the AEDPA statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (holding that actual innocence claim "does not constitute a 'rare and exceptional' circumstance"). Therefore, the Court finds equitable tolling is not warranted, and the instant petition is untimely.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal

5

habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because Petitioner's petition for writ of habeas corpus is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

**Conclusion**

The Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" (doc. entry no. 7) and **DISMISSES** with prejudice the petition filed in this cause. For the reasons set forth in this opinion and order, the Court further **ORDERS** that a certificate of appealability be denied, as Petitioner failed to show his petition timely and to make "a substantial showing of the denial of a federal right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this the 10th day of January, 2013.

    /s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**